# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RUSSELL WAYNE FARNER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-03-143-RAW |
| | ) | |
| MIKE MULLIN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## <u>ORDER</u>

Before the Court is the motion of the petitioner pursuant to Rule 60(b)(6) F.R.Cv.P.

On March 8, 2006, this court entered an Order and Judgment dismissing petitioner's motion

pursuant to 28 U.S.C. §2254. No appeal was taken. The present motion was filed on

April 2, 2008, i.e., over two years after the Order and Judgment was entered in this case. The

motion asks the court to vacate and then reinstate the Order and Judgment, thereby granting

petitioner a "new" time period in which to file a notice of appeal.

Petitioner asserts that counsel representing him on his habeas petition[1] did not provide

him notice that the petition had been denied until after the time for filing an appeal or seeking

reinstatement had lapsed. Petitioner states that he "always wanted to appeal."

The Tenth Circuit has established a procedure for considering motions of this type.

"The district court should first determine . . . whether the motion is a true Rule 60(b) motion

or a second or successive petition." *Spitznas v. Boone,* 464 F.3d 1213, 1216 (10th Cir.2006).

---

[1]Different counsel has filed the present motion on petitioner's behalf.

A "true" 60(b) motion either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition. *Id.* at 1215-16. Conversely, a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction. *Id.* at 1215.

If the district court concludes the motion is a true Rule 60(b) motion, it should rule on it as it would any other Rule 60(b) motion. If the district court concludes the motion is actually a second or successive petition, it should refer the matter to the Tenth Circuit for authorization under 28 U.S.C. §2244(b)(3). *Id.* at 1217[2].

Under the regime described above, this court finds the present motion to be a "true" Rule 60(b) motion. The motion does not assert a federal basis for this court to vacate his underlying conviction. Instead, he contends he was denied the ability to appeal from this court's ruling and, in effect, simply seeks an extension of time to perfect that appeal. Accordingly, this court will address the motion, mindful that Rule 60(b) is extraordinary relief that may only be granted in exceptional circumstances. *Beugler v. Burlington N. & Santa Fe Ry. Co.,* 490 F.3d 1224, 1229 (10th Cir.2007).

---

[2]The Tenth Circuit also addressed the case of a "mixed" motion, *id.* at 1217, but that is not pertinent to the present motion.

Initially, the court must consider the timeliness of the motion. The Rule 60(b) filing period begins to run on the date the order or judgment is issued. *Davis v. Warden*, 2007 WL 4403737 (10th Cir.). Rule 60 has dual timeliness standards for 60(b) motions: a "reasonable time" standard for all motions filed under Rule 60(b), and a maximum one-year statute of limitations from entry of the order for motions filed under Rule 60(b)(1), (2), or (3). *Id. See also* Rule 60(c)(1) F.R.Cv.P. The basis stated within the motion would seem to fall within the avenue provided by Rule 60(b)(1), namely "mistake, inadvertence, surprise, or excusable neglect." Of course, a motion pursuant to Rule 60(b)(1) would be time-barred, and petitioner perhaps therefore seeks to invoke the "catch all" language of Rule 60(b)(6), i.e., "any other reason that justifies relief." Rule 60(b)(6) relief may not be premised on one of the grounds enumerated in clause (b)(1) through (b)(5). *State Bank of S. Utah v. Gledhill (In re Gledhill),* 76 F.3d 1070, 1080 (10th Cir.1996). The court will overlook this "category error" only when the Rule 60(b)(6) motion was brought within the one year time limit. *See In re Four Seasons Sec. Laws Litig.,* 502 F.2d 834, 841 (10th Cir.1974).

The court finds the motion untimely even if properly brought under Rule 60(b)(6). Even if his counsel did not inform him of dismissal, petitioner has not explained why he did not inquire of the court clerk's office (through family or otherwise) and waited over two years to file the present motion. The Tenth Circuit has found no abuse of discretion in ruling that one year between judgment and Rule 60(b) motion was not a reasonable time. *See Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1178 (10th Cir.2005). A party who delays in filing a

3

Rule 60(b) motion after discovery of the grounds for the motion must present sufficient

justification for the delay. *Id*. Petitioner has not done so.

Finally, it appears the motion fails even on the merits. A constitutional right to

counsel does not attach to 2254 proceedings. *Chaney v. McCotter*, 1993 WL 345526 (10th

Cir.). Therefore, it does not appear that the principle of *Roe v. Flores-Ortega*, 528 U.S. 470,

477 (2000) that "a lawyer who disregards specific instructions from the defendant to file a

notice of appeal acts in a manner that is professionally unreasonable" applies here. In any

event, the affidavit of petitioner's brother which is attached to the motion does not establish

that a request to appeal was ever made.

It is the Order of the Court that the petitioner's request for relief under Rule 60(b)(6)

F.R.Cv.P. (#20) is hereby DENIED.

**ORDERED THIS 30th DAY OF APRIL, 2008.**


**Dated this 30th Day of April 2008.**

J4h4i0

Ronald A. White
United States District Judge
Eastern District of Oklahoma